UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:05CV-811-H

HICKS EQUIPMENT, INC.                                                                                 PLAINTIFF

V.

ENPROSOL, INC.                                                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Hicks Equipment, Inc. ("Hicks") filed this suit, alleging that Enprosol, Inc. ("Enprosol") breached a contract between the two parties. Enprosol has now filed this motion for summary judgment, arguing that since Hicks has failed to disclose an expert witness, it will be unable to prove its case-in-chief. The Court does not agree and will deny Defendant's motion.

I.

Hicks is a Kentucky corporation engaged in the manufacture of commercial and industrial equipment. Hicks entered into a contract with Enprosol to provide labor, materials, and equipment in return for a five percent ownership interest in Enprosol. The contract was for the production of materials and equipment for Enprosol's use in its "Allnox process equipment." Allnox is a catalyst that provides industrial producers of nitric acid a more cost-effective catalyst than those generally available in the marketplace. The equipment and materials to be delivered by Hicks were apparently highly specialized and complex.

Hicks has to date disclosed no expert witnesses for trial, and the date for doing so (as laid out in the agreed litigation plan) was October 31, 2006. Enprosol has now moved for summary judgment, claiming that Hicks will be unable to make its case-in-chief without the assistance of an expert. Specifically, Enprosol claims that Hicks will be unable to prove that the equipment

and materials Hicks provided were sufficient for the highly technical application to which Enprosol planned to put them. Hicks has submitted a variety of fact witnesses who will testify at trial; Enprosol has done the same, but has also submitted one expert witness.

II.

The question here is which party bears the burden of proving – or disproving – that the equipment and material Hicks delivered complied with Enprosol's needs. Here, the burden is on Hicks to prove breach of contract. That is, Hicks must prove that a contract existed between the parties, that Hicks fulfilled its part of the contract, and that Enprosol has failed to confirm with its part of the contract. Hicks is apparently prepared to present at trial several fact witnesses who are familiar with Hicks' operations. These witnesses can testify that Hicks manufactured the material and equipment in accordance with the contract and in accordance with Hicks' normal manufacturing processes. These witnesses need not be experts to testify in this manner.

Once the Hicks has closed its case-in-chief, however, Enprosol can argue as an *affirmative defense* to the breach of contract claim that Hicks itself breached the contract by providing non-conforming equipment and material. Enprosol itself makes this argument in its Answer, where as an affirmative defense it pleads failure of consideration. *See* Black's Law Dictionary (8th ed. 2004) (stating that "failure of consideration" is analogous to "failure of performance"). *See also* 17 C.J.S. *Contracts* § 133 (2007) ("The party claiming that there has been a failure of consideration usually has the burden of pleading and proving the failure as an affirmative defense"). Enprosol can prove this failure of consideration, if it wishes, by presenting an expert witness. Hicks may of course cross-examine this witness to undermine his assertion that the equipment and material did not satisfy Enprosol's needs or the contract

between the two parties.

Enprosol confuses the burden of proof in this case. In these circumstances, it is perfectly appropriate for Hicks to make its case-in-chief using only fact witnesses. If, at the conclusion of Hicks' case-in-chief, Emprosol still does not believe that Hicks has proved its case, Emprosol may move for a directed verdict. Even if that motion is denied, Emprosol will have an opportunity to prove failure of performance. Although this case may involve technical matters, it is still a breach of contract case and the traditional burdens of proof still apply.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

This is a final order.

cc:     Counsel of Record